Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**PAUL J. PODLEJSKI**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BROOKE TUBBS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1309-CR-771 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-1206-FD-1118

**May 30, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Brooke Tubbs ("Tubbs") pleaded guilty in Madison Superior Court to operating a vehicle while intoxicated ("OWI"), a Class D felony; and driving while suspended, a Class A misdemeanor.[1] Tubbs appeals the trial court's sentencing order arguing that her thirty-six month sentence, eighteen months executed at the Department of Correction and eighteen months suspended to probation, is inappropriate in light of the nature of the offense and character of the offender.

We affirm.

**Facts and Procedural History**

On June 14, 2012, Tubbs was pulled over at approximately 12:10 a.m. after Indiana State Trooper Brad Quakenbush noticed Tubbs weaving between lanes and improperly using a turn signal. Once pulled over, Trooper Quakenbush noticed Tubbs had slurred speech and glassy eyes. Tubbs failed three field sobriety tests and submitted to a chemical breath test at 12:57 a.m., which found an alcohol concentration of 0.13. Tubbs was subsequently charged with operating a vehicle while intoxicated ("OWI"), a Class D felony; and driving while suspended, a Class A misdemeanor.

On April 29, 2013, Tubbs, in the presence of her attorney, entered into an open guilty plea to all counts. The trial court accepted the plea of guilty and ordered that Tubbs be evaluated for participation in Drug Court. Tubbs admission to the Drug Court program was denied. After considering Tubbs's history of criminal substance abuse, which includes six misdemeanors and two felonies, as well as a subsequent OWI arrest

---

[1] Tubbs was also charged with OWI endangering a person, a Class A misdemeanor; and operating a vehicle with an alcohol concentration equivalent of .08 or more, a Class C misdemeanor. Both charges were merged with the OWI at sentencing.

2

within twenty-four hours of the instant offense, the trial court sentenced her to serve thirty-six months, eighteen months executed at the Department of Correction and eighteen months suspended to probation. Tubbs now appeals the appropriateness of her sentence.

**Discussion and Decision**

Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), trans. denied (quoting Stewart v. State, 866 N.E.2d 856, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted).

When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is

3

inappropriate." Shell v. State, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010).

Here, the trial court ordered Tubbs to serve a thirty-six month sentence: eighteen months executed at the Department of Correction and eighteen months suspended to probation.[2] While Tubbs's three-year sentence is the maximum length of sentence that may be imposed for a Class D felony conviction, it is not the maximum possible sentence of three years, all executed in the Department of Correction. Indeed, when reviewing sentences, we are not "to consider only the appropriateness of the aggregate length of the sentence without considering also whether a portion of the sentence is ordered suspended." Davidson v. State, 926 N.E.2d 1023, 1024. (Ind. 2010).

This sentence is not inappropriate in light of the nature of the offense. In fact, Tubbs did not argue that the trial court's sentence is inappropriate due to the nature of her offense. But aside from driving with a suspended license, there are no particularly egregious circumstances of the offense. Thankfully, no individuals were harmed, and no property was damaged.

This sentence is also not inappropriate in light of the character of the offender. Tubbs argues that her full sentence should be served through in-home detention. However, it can be inferred from the Drug Court's refusal to accept her into its program that she is not a good candidate for alternative correction programs other than incarceration. Twenty-eight year old Tubbs has struggled with substance abuse since sixteen years of age, and in the ensuing twelve years, she has been convicted of six

---

[2] See Ind. Code § 35-50-2-7 ("A person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 1/2) years"). The trial court also sentenced Tubbs to twelve months for Class A misdemeanor driving while suspended, but ordered the sentences to be served concurrently.

4

misdemeanors and two felonies. Her misdemeanors include possession of paraphernalia, possession of marijuana, public intoxication, battery, a prior OWI, and a prior driving while suspended. In 2008, Tubbs was convicted of possession of cocaine and maintaining a common nuisance. All previous sentences were fully suspended to probation but failed to rehabilitate Tubbs.

The chief mitigating factor available to the trial court was Tubbs's acceptance of responsibility, signified by an open guilty plea, as well as by the steps she took to enter a treatment facility for her addiction and mental health. Tubbs also claims that she is remorseful, but in discussing her remorse, Tubbs stated only that, "My damn luck sucks." Appellant's App. p. 32. And her claim of remorsefulness is belied by yet another arrest for OWI less than 24 hours after her arrest in the instant case. Finally, and perhaps most tellingly, Tubbs reported for her pre-sentence investigation interview under the influence of unprescribed drugs.[3]

After reviewing Tubbs's criminal history, the trial court rightly observed that "the aggravating circumstances do outweigh the mitigating circumstances in this this case." Tr. p. 33. Tubbs has a history of substance abuse and has not demonstrated the ability to rehabilitate herself through less-structured community correction services.

For all of these reasons, we conclude that Tubbs thirty-six month sentence, eighteen months executed at the Department of Correction and eighteen months suspended to probation, is not inappropriate in light of the nature of the offense and the

---

[3] At the interview, Tubbs appeared to be intoxicated and claimed to be under the influence of prescription suboxone and topamax. An INSPECT search indicated that no topamax prescription had been filled for Tubbs anytime in the past year.

5

character of the offender.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.